United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20748
Summary Calendar
_____

PAULINE NGOLE,

Petitioner-Appellant,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-2039
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Pauline Ngole, a native and citizen of Nigeria, appeals the district court's dismissal of her 28 U.S.C. § 2241 petition. Ngole argues that the Board of Immigration Appeals (BIA) violated her due process rights by determining that she did not meet the requirements set forth Matter of Lozada, 19 I & N Dec. 637 (BIA 1988) and, thus, not addressing her late appeal from the immigration judge's order.

The district court denied and dismissed Ngole's petition, holding that it lacked authority to review the BIA's decision; that if it had even if had such authority, the scope of judicial

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review was limited to circumstances not applicable in Ngole's case; and if the scope of such review were not limited, that Ngole was not entitled to habeas relief because "Ngole's constitutional due process rights have not been infringed upon due to ineffective assistance of counsel."

Ngole argues and cites evidence to support her argument that she met the Lozada requirements and that the BIA erred in its determination that she did not. However, she has not briefed the question of the district court's authority to review the claims raised in her 28 U.S.C. § 2241 petition and has inadequately briefed any due-process argument. Indeed, the brief contains no real "argument" on this issue; rather, it is composed wholly of conclusional allegations. Nor does it cite any relevant case law. See FED. R. APP. P. 28 (a)(9); United States v. Tomblin, 46 F.3d 1369, 1376 n.13 (5th Cir. 1995) (brief must contain a legal argument that indicates the basis for each contention). Thus, any appealable issues have been abandoned and need not be addressed by this court. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Accordingly, the judgment of the district court is AFFIRMED.